STATE, EX REL. MANLEY E. BAIRD, APPELLANT, V. ERNEST M. SLATTERY, APPELLEE.

FILED APRIL 19, 1922.   NO. 22141.

1. **Mandamus: OFFICIAL BONDS: APPROVAL.** The officer, whose duty it is to approve an official bond, will not be compelled by mandamus to file and indorse his approval upon the same unless it complies with the statute.

2. ———: ———: ———. Nor, in such a case, where it is alleged in a petition, to which a general demurrer has been filed, that such officer approved the bond in violation of the statute, will he be compelled by mandamus to enter of record evidence of such approval for the benefit of one who has failed to follow the directions of the statute.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*F. S. Baird* and *G. T. H. Babcock,* for appellant.

*J. E. Porter* and *E. M. Slattery, contra.*

Heard before MORRISSEY, C. J., LETTON, FLANSBURG and ALDRICH, JJ.

LETTON, J.

Proceedings in mandamus to compel the county judge of Dawes county forthwith to indorse upon the official bond of relator, as county commissioner of Dawes county, his approval of the same. A demurrer to the petition was sustained and the action dismissed. Relator appeals.

The petition alleges that relator was elected county commissioner for the third commissioner district of Dawes county at the November election, 1921, for a term of four years, to begin on the first Thursday after the first Tuesday in January, 1921; that on January 6, 1921, he filed a bond in due form with a penalty in the sum of $2,000, "which bond was joint and several in form and was signed by relator, *by his duly authorized thereunto agent,* as principal therein, and by the Lion Bonding & Surety Company,

a Nebraska corporation, as surety; * * * that on January 6, 1921, defendant said he would approve said bond, and immediately he did approve it and marked the same filed and spread the same upon the records kept by him in his said office as county judge for that purpose, but he has neglected and now refuses to indorse upon said bond a certificate of approval thereof; that immediately thereafter said defendant received from relator by the hands of his agent aforesaid a properly signed and sworn-to oath of office as such commissioner. * * * And relator is entitled under the law to have the defendant as it is his official duty to indorse upon said bond the fact of its approval as well as the date of its filing."

The sections and parts of sections of the Revised Statutes, 1913, bearing upon the question are 5707, 5711, 5713, 5717, and 5721. Under these sections it is the duty of a person elected to a county office to file a bond in the penal sum required by the statute, with the oath of office indorsed thereon, on or before the time specified.

The oath of office was not indorsed upon the bond which was tendered to the county judge. This is required by two sections of the statutes. There was an evident purpose on the part of the legislature to preserve the oath and bond together, and the county judge was fully within his powers and duties if he refused to accept and approve such a bond. To approve it without the oath would be a patent disregard of the law.

Under section 5725, Rev. St. 1913, as amended by chapter 110, Laws 1917, the penalty required by law for the official bond of commissioners in counties of the population of Dawes county is in the sum of $2,000. The tendered bond did not strictly comply with the statutes in this respect. The bond in question is for double this amount, and while this irregularity perhaps would not relieve either the principal or surety in case of a breach of the bond, there was no duty resting upon the respondent to approve a bond not executed in accordance with the provisions of the law.

If the allegations of the petition are taken as true, the

purpose of this proceeding is to compel the respondent to spread upon the record evidence of the fact that he had violated the law. It is true that the demurrer admits all allegations of the petition, well pleaded, but the court will not grant the writ of mandamus to compel an illegal act, or to compel evidence of such a violation of law to be recorded for the benefit of one who has failed to follow its directions. The allegation that an oath was filed, not before, but immediately after the approval, shows that the relator was in default of his duty when he tendered the bond. If he desired to accept the position to which he had been elected, he should have complied with the conditions precedent which the statute required. If the statute is unjust, or if it places too great a penalty on dilatoriness, it is for the legislature to amend it.

It may be said that to admit the allegations of a petition by demurrer in a case where the briefs indicate that there is a conflict as to the facts is a dangerous practice for the demurrant, and is an unsatisfactory manner of presenting the true issue to a court.

We find it unnecessary to consider or discuss the question whether the plea that an official bond was signed by the principal, "by his duly authorized thereunto agent," pleads the execution of a valid and legal bond.

No legal duty is upon respondent to indorse his approval upon the tendered bond.

AFFIRMED.